IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE D. ROUNDS, JR.,

        Plaintiff,                    No. CIV S-06-1296 RRB EBB P

        vs.

MICHAEL PORTER, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

                                /

        Plaintiff is a prisoner without counsel prosecuting this civil rights action *in forma pampers*. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On August 30, 2006, the court dismissed plaintiff's initial complaint with leave to amend. On October 6, 2006, plaintiff filed a first amended complaint.

        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it also fails to state a claim for relief.

        Plaintiff claims that defendants conspired to violate his civil rights by ensuring the enactment of California's regulatory scheme governing the determination of whether those convicted of second degree murder are suitable for parole. *See* Cal. Code Regs. tit. 15, §§ 2400, *et seq*. He asserts that the factors used to determine whether a prisoner should be released to

parole, *see* Cal. Code Regs. tit. 15, § 2402, violate the Equal Protection and the Due Process clauses of the Fourteenth Amendment.  He does not challenge them as applied to him in any particular parole consideration hearing.  Rather, he asserts that they are facially discriminatory against prisoners, such as himself, who have been sentenced to a term of 15 years to life in prison.  He also asserts that they are facially arbitrary in that they do not provide criteria adequate to ensure that persons suitable for parole actually are released.

Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof.  *Kari-Panahi v. Los Angeles Police Department*, 839 F.2d 621 (9th Cir. 1988); *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999); *Burns v. County of King*, 883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim).  Equal protection is a command that all persons similarly situated should be treated alike. *City of Cleburne, Tex. v . Cleburne Living Center*, 473 U.S. 432, 439 (1985).  To state a claim for the violation of equal protection, a plaintiff must allege defendant intentionally discriminated against him "based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998).  Discrimination based on characteristics other than race, alienage, national origin and sex must be rationally related to a legitimate state interest. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 440 (1985).  "[T]he touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998), *quoting Wolf v. McDonnell*, 418 U.S. 539, 558 (1974).  For California parole officials to deny a prisoner release to parole, there must be evidence that "the prisoner will pose an unreasonable risk of danger to society if released from prison."  Cal. Pen. Code § 3041(b); Cal. Code. Regs. tit. 15, § 2402(a).  This determination is

made based on an individualized examination of "circumstances tending to show unsuitability" and "circumstances tending to show suitability," as set forth in Cal. Code Regs. tit. 15, § 2402.

Neither prisoners nor any subset thereof, such as those convicted of murder on or after November 8, 1978, and sentenced to serve 15 years to life in prison, is a suspect class for purposes of an elevated level of scrutiny under the Equal Protection Clause. Rather, the review here is under a rational basis test. It is plaintiff's burden to allege that the regulations are *not* rationally related to a legitimate state interest. Plaintiff has neither alleged nor shown that the regulation he challenges fail to satisfy that deferential standard of review. The circumstances set out in Cal. Code Regs. tit. 15, § 2402(c)-(d) all relate to the likelihood that once released to parole, the prisoner will conform his conduct to the requirements of the law. Identical criteria apply to all other prisoners sentenced to life in prison. *See* Cal. Code Regs. tit 15, § 2281(c)-(d). Somewhat less stringent criteria apply to those sentenced to serve than less than life in prison. *See Id.*, at § 2316. Plaintiff's suitability for parole is governed by the regulation applicable to those convicted of murder and sentenced to a life term. *See Id.*, at § 2402. There is a legitimate state interest in providing parole only to those likely to comply with the terms and conditions thereof. Prisoners sentenced to serve life terms have committed more serious crimes than those sentenced to lesser terms. The length of a sentence reasonably relates to the severity of the commitment offense. Plaintiff does not allege any basis for finding that the factors to be considered as enumerated in § 2402 are not reliable predictors of whether a person convicted of murder and sentenced to a life term will pose a danger to society if released. Thus, plaintiff has no basis to proceed on a claim that the distinction drawn between prisoners sentenced to life for a murder conviction, prisoners serving life for other crimes and prisoners serving lesser terms for less severe crimes fails to satisfy rational basis scrutiny. Plaintiff's due process claim must fail for the same reasons. There is nothing inherently or facially arbitrary about the factors intended to guide the parole authority's exercise of discretion under these regulations.

////

1     Finally, the complaint is insufficient for the additional reason that plaintiff seeks to
2 proceed on a conspiracy theory.  However, he makes no factual allegations that any defendants
3 agreed to promulgate the challenged regulations in order to achieve an unlawful purpose.
4     For all these reasons, the court finds that plaintiff fails to state a claim and the complaint
5 must be dismissed.
6     Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's
7 failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128
8 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file
9 amended complaint unless the court can rule out any possibility that the plaintiff could state a
10 claim).
11     These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
18 Dated:   August 15, 2007.

                                    _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE